IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   13-cv-00360-LTB

VENKATA CHEMITI, and
NEERAJA DASARI,

       Plaintiffs,

v.

NEHRU KAJA,

       Defendant.

_____

ORDER
_____

This matter is before me on a Motion for Leave To File Amended and Supplemental Complaint filed by Plaintiffs Venkata Chemiti and Neeraja Dasari [**Doc #14**].  Defendant Nehru Kaja opposes this request.  Oral arguments would not materially assist me in my determination. After consideration of the parties' arguments, and for the reasons stated, I GRANT Plaintiffs' motion.

**I. Background**

In their initial complaint, Plaintiffs allege that in December of 2006 a mutual friend (Raghavan Rajagopal, a.k.a. "Raghu") acted to arrange a real estate loan in which Plaintiffs loaned Defendant money to buy investment property in India. [Doc #1]  The complaint alleges that Defendant was to buy the real property, resell it quickly, and then repay Plaintiffs.  The loan agreement, which Plaintiffs concede was not reduced to writing, was initially for four and a half million rupees (or $112,500) and required Defendant to repay this principal amount, plus 15%

interest per annum, within 30 day of December 17, 2006.  This agreement was amended, however, when Defendant "needed additional money."  Plaintiffs subsequently agreed to loan Defendant an additional six and a half million rupees (or $162,500) in February 2007.  At that time, the parties agreed that Defendant would repay the entire principal amount, plus 15% per annum interest, by the end of March 2007.

Plaintiffs allege that the funds were disbursed via thirteen checks – written by Plaintiff Dasari and drawn on her bank account in India – to Defendant "or his agents" over a period of time from December 17, 2006 thorough February 12, 2007.  Plaintiffs alleged that they "followed [Defendant's] instructions in making checks out to his agents, but it was always the parties' understanding that the loan was made to [Defendant and he] was responsible for repayment." [Doc #1, ¶13]  Defendant failed to repay the loan.  Plaintiffs aver that in 2009, after they "threatened to sue" Mr. Rajagopal – the "middleman" that arranged the loan – he, in turn, paid Plaintiffs $100,000 as partial repayment.

Plaintiffs further aver that they first sued Defendant, for breach of their loan agreement, in December of 2010 in Texas.  The Texas lawsuit was subsequently dismissed, however, for lack of personal jurisdiction over Defendant.  Thereafter, Plaintiffs filed their initial complaint against Defendant in this court in February of 2013, for "Breach of Contract for Failure to Repay Loan with Interest" in which they sought between $423,661 and $575,749, for repayment of the loan.

In their proposed amended complaint, Plaintiffs seek to add a second claim against Defendant for "Abuse of Process."  Specifically, the amended complaint maintains that Defendant had obtained civil restraining orders against both Plaintiffs in April of 2012 (Boulder

County Case Nos. 12C57 and 12C58). Thereafter, in May of 2012, Plaintiff Chemiti filed a police report with the authorities in India resulting in criminal charges being brought against Defendant. As a result of the India proceedings, as well as the filing of this lawsuit by Plaintiffs, Defendant filed Verified Motions for Contempt in the Boulder County cases asserting that Plaintiffs had violated the retraining orders and should be held in criminal contempt. Plaintiffs allege that the filing of the contempt motions by Defendant was "for an ulterior purpose to attempt to coerce [Plaintiffs] so that they will dismiss the case and bar and stop cooperating with the prosecutors in India." [Doc #14-1, ¶25] As such, Plaintiffs seek to add a claim for Abuse of Process against Defendant for compensatory and punitive damages pursuant to Colo. Rev. Stat §18-8-708(2). [Doc #14-1, ¶36-7]

## II. Motion to Amend

In their Motion for Leave to File their proposed amended Complaint and Jury Demand, Plaintiffs seek to amend their complaint to add a claim for the new Abuse of Process claim, as well as provide supporting factual allegations related thereto.

In response to the motion, Defendant first asserts that Plaintiffs are not entitled to amend as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1), which provides that a party may amend a pleading once, as a matter of course, within 21 days of service or 21 days after service of a responsive pleading. Because Plaintiffs filed their request thirty-seven days after Defendant filed his motion to dismiss, I agree that they do not have a right to amend as a matter of course.

However, Fed. R. Civ. P. 15(a)(2) further provides that leave to amend, in all other cases, "shall be freely given when justice so requires." As such, "refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment*." Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Defendant asserts that Plaintiffs seek to amend their complaint to improperly "reconcile a contradiction" as set forth in the initial complaint. Essentially, Defendant characterizes the contradiction as Plaintiffs' assertion in their initial complaint that Defendant breached a loan agreement, while in their criminal complaint – previously brought in India – Plaintiff Chemiti claims that the same facts constituted real estate investment fraud. While I note that these positions are not necessarily conflicting, Defendant concedes that Plaintiffs "have the right to allege what they will." To the extent that Defendant indicates that he will request the Court to take "judicial notice of the judicial admission made" in the original complaint, and to hold Plaintiffs to such admissions, I do not reach the merits or propriety of any such request at this time.

Defendant also asserts that Plaintiffs cannot prevail on their new Abuse of Process claim on two grounds:  1) that his actions in filing the contempt motions were not for an improper purpose, but rather were to enforce the protective orders and, as such, Plaintiffs' cannot prove the requisite elements of the claim; and 2) that Plaintiffs' assertion that their complaint in India is protected as an exercise of their First and Fourteenth Amendment rights is legally unsupportable. Defendant's arguments here are not related to the propriety of the proposed amendment, but rather to the merits of the claim. He does not argue that such amendment would result in undue delay, undue prejudice, bad faith or dilatory motive, or failure to cure deficiencies by amendments previously allowed. To the extent Defendant is arguing that allowing amendment

would be futile, I note that in this case "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)(citations omitted).  As a result, such arguments are not applicable here but, instead, would be relevant to a motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

The grant or denial of an opportunity to amend is within the discretion of the District Court.  *Foman v. Davis, supra*, 371 U.S. at 182.  Accordingly, I grant Plaintiffs' Motion to Amend pursuant to Fed. R. Civ. P. 15(a)(2).  *See Arkansas-Platte & Gulf Partnership v. Dow Chemical Co.*, 886 F.Supp. 762, 765 (D. Colo. 1995)(finding that Rule 15(a) has consistently been interpreted – in the light of the policy which favors the resolution of claims on the merits rather than on procedural grounds – to require that amendments be freely allowed in the absence of a narrowly defined set of exceptional circumstances).

ACCORDINGLY, for the reasons stated above,  I GRANT the Motion for Leave to File Amended and Supplemental Complaint filed by Plaintiffs [**Doc #14**] and, as such, the proposed amended Complaint and Jury Demand [Doc # 14-1] is accepted for filing as of the date of this order.  Furthermore, pursuant to my Minute Order dated May 31, 2013 [Doc #17], Defendant has

up to and including **October 31, 2013**, to file a reply – if necessary – in support of his pending Motion to Dismiss and Memorandum of Law In Support Thereof Pursuant to Fed. R. Civ. P. 12(b)(1) or Alternatively Pursuant to Fed. R. Civ. P. 12(b)(3) [Doc #8].

Dated: October 16, 2013,  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge