IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   13-cv-00360-LTB

VENKATA CHEMITI, and
NEERAJA DASARI,

       Plaintiffs,
v.

NEHRU KAJA,

       Defendant.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), filed by Defendant Nehru Kaja [**Doc #8**], in which he seeks dismissal of the complaint filed against him by Plaintiffs Venkata Chemiti and Neeraja Dasari.  Oral arguments would not materially assist me in my determination.  After consideration of the parties' arguments, and for the reason stated, I DENY Defendant's Motion to Dismiss.

**I.  Background**

In their complaint, Plaintiffs – who are husband and wife and live in Texas – allege that in December of 2006 a mutual friend (Raghavan Rajagopal, a.k.a. "Raghu") acted to arrange a real estate loan in which Plaintiffs loaned Defendant – who resides in Colorado – money to buy investment property in India.  The complaint alleges that Defendant was to buy the real property, resell it quickly, and then repay Plaintiffs.  The loan agreement, which Plaintiffs concede was not reduced to writing, was initially for four and a half million rupees (or $112,500) and required

Defendant to repay this principal amount, plus 15% interest per annum, within 30 day of December 17, 2006.  This agreement was amended, however, when Defendant "needed additional money." [Doc #21, ¶10]   Plaintiffs subsequently agreed to loan Defendant an additional six and a half million rupees (or $162,500) in February 2007.  At that time, the parties agreed that Defendant would repay the entire principal amount, plus 15% per annum interest, by the end of March 2007.

Plaintiffs allege that the funds were disbursed via thirteen checks – written by Plaintiff Dasari and drawn on her bank account in India – to Defendant "or his agents" over a period of time from December 17, 2006 thorough February 12, 2007.  Plaintiffs alleged that they "followed [Defendant's] instructions in making checks out to his agents, but it was always the parties' understanding that the loan was made to [Defendant and he] was responsible for repayment." [Doc #21, ¶12]  Specifically, Plaintiffs allege that the first two checks were made out to Defendant himself, the third check was made out to A. Ravindes Babre (as Defendant's agent), the fourth and fifth checks were made out to Ravi Kumal Gaddam (as Defendant's agent), the sixth, seventh, eighth and ninth checks were made out to P. Nageswara Rao (as Defendant's brother-in-law and agent), and the four remaining checks were made out to K.V.B. Varma (as Defendant's agent).  Defendant failed to repay the loan.  Plaintiffs aver that in 2009, after they "threatened to sue" Mr. Rajagopal – the middleman that arranged the loan – he, in turn, paid Plaintiffs $100,000 as partial repayment on the loan.  [Doc #21, ¶14]

Plaintiffs further aver that they first sued Defendant, for breach of their loan agreement, in December of 2010 in Texas.  The Texas lawsuit was subsequently dismissed, however, for lack of personal jurisdiction over Defendant.

Plaintiffs then filed their complaint against Defendant in this court in February of 2013, for "Breach of Contract for Failure to Repay Loan with Interest" in which they sought between $423,661 and $575,749, at 15% interest per annum, for repayment of the loan. In their amended complaint – accepted by this Court as filed in October of 2013 – Plaintiffs added a second claim against Defendant for "Abuse of Process." [Doc #21, pg. 18] Specifically, Plaintiffs assert that Defendant had obtained civil restraining orders against them in April of 2012 (Boulder County Case Nos. 12C57 and 12C58). Thereafter, in May of 2012, Plaintiff Chemiti filed a police report with the authorities in India resulting in criminal charges being brought against Defendant. As a result of the India proceedings, as well as the filing of this case, Defendant filed Verified Motions for Contempt in the Boulder County cases asserting that Plaintiffs had violated the retraining orders and should be held in criminal contempt. Plaintiffs allege that the filing of the motions by Defendant was "for an ulterior purpose to attempt to coerce [Plaintiffs] so that they will dismiss the case and bar and stop cooperating with the prosecutors in India." As such, Plaintiffs assert an Abuse of Process claim against Defendant, and seek compensatory and punitive damages pursuant to Colo. Rev. Stat §18-8-708(2).

## II. Dismissal for Lack of Jurisdiction

I first address Defendant's motion to the extent that it seeks to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1), which empowers a court to dismiss for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)(recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

The burden of establishing subject matter jurisdiction is on the party asserting it. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

The complaint alleges federal jurisdiction pursuant to diversity of citizenship as set forth in 28 U.S.C. §1332(a). Section 1332(a) provides that federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. Defendant does not contest the complete diversity of citizenship; rather, at issue is whether this lawsuit meets the $75,000 amount-in-controversy requirement under section 1332(a).

A Rule 12(b)(1) motion "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971). Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor. *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)(citations omitted). A Rule 12(b)(1) motion may be in the form of either a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits and other documents, however, the Court makes its own factual findings. *Id.* at 1003.

In their complaint, Plaintiffs' argue that the amount in controversy is at least $275,000, which is comprised of the initial loan amount to Defendant of $122,500, plus the supplemental amount of $162,500. Even if the "partial" repayment of $100,000 by Mr. Rajagopal is

4

subtracted from this amount, the amount in controversy alleged is $175,000.  Therefore, if this motion comprises a facial attack, I must take Plaintiffs' allegations as true and deny Defendant's motion.  *See Holt v. U.S., supra,* 46 F.3d at 1002.

Because Defendant's arguments refer to affidavits and other documents, it appears that he is making a factual attack on the amount-in-controversy requirement.  Specifically, Defendant argues that the complaint admits that only two checks were issued directly to Defendant, in the total amount $45,000, which does not reach the $75,000 jurisdictional amount necessary. Defendant further asserts that Plaintiffs' claim that the other people who received monies from them were "agents" for Defendant is conclusory and unsupported.  Finally, Defendant refers me to Plaintiffs' prior allegations – set forth in a complaint filed by them in India – indicating that Defendant was not the sole beneficiary of Plaintiffs' money, but rather that it was "parted" or shared by all those accused in the complaint.

However, "when deciding whether the amount in controversy is adequate, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  In other words, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1988)(*citing Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938)(internal citation and quotation marks omitted)).  I disagree with Defendant to the extent that he claims that the allegations in the complaint here are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" under *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).  The fact that Plaintiffs claims here might be deemed contradictory to the a theory

advanced by them in India does not, at this stage in the proceedings, result in a conclusion that they are now implausible. Rather, I conclude that Plaintiffs have adequately alleged that they loaned monies to Defendant (via an oral agreement and by issuing checks to him or his agents) in excess of the amount in controversy requirement of 28 U.S.C. §1332(a) for diversity jurisdiction in order to avoid a factual attack for dismissal. To the extent that they have a related criminal case pending in India, where the theory of the case may be incompatible with the theory advanced here, does not preclude this case on a motion to dismiss under Rule 12(b)(1).

### III. Dismissal for Improper Venue

In this motion Defendant also asserts, in the alternative, that venue in this court is improper pursuant to Fed. R. Civ. P. 12(b)(3) under the doctrine of *forum non conveniens*. Specifically, Defendant argues that the relevant circumstances and sequence of events in this case bears no relationship to Colorado; rather, he argues that India is the proper venue to resolve this dispute.

The theory of *forum non conveniens* allows a court to decline jurisdiction when a case could be tried more easily, expeditiously, and frugally in another forum; it is used to dismiss an action from a federal court when trial in another country would be more appropriate. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), *superseded on other grounds by statute as recognized in Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). An overarching factor in the *forum non conveniens* analysis is that while dismissal is within the sound discretion of the trial court, "normally there is a strong presumption in favor of hearing the case in the plaintiff's chosen forum." *Gschwind v. Cessna*

*Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998)(*citing Piper Aircraft v. Reyno, supra*, 454 U.S. at 255).

The *forum non conveniens* determination consists of examination of two threshold questions, followed by the analysis of private and public interest factors.  The first threshold question is whether there is an adequate alternative forum in which the defendant is amenable to process. *Gschwind v. Cessna, supra,* 161 F.3d at 605 (*citing Piper Aircraft v. Reyno*, *supra*, 454 U.S. at 256).  The second question is whether foreign law applies.  *Id.* (*citing Rivendell Forest Prods., Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 994 (10th Cir. 1993)).  The defendant bears the burden of proving that an alternative forum exists, and the defendant must likewise prove that the alternative forum is both available and adequate.  *Id.* at 606 (citations omitted).  If the Court answers either of the two threshold questions in the negative, then *forum non conveniens* is inapplicable.  *Id.* at 605-06.  If the Court answers the threshold questions in the affirmative, it then goes on to weigh various private and public interests.  *Id.* at 606.

In support of his request for change of venue, Defendant first argues that India is an adequate alternative forum.  He notes that India clearly has jurisdiction to hear this case and, as evidence thereof, he argues that Plaintiffs have already chosen India as a proper forum to adjudicate this dispute by filing a complaint against him there, albeit under a different set of facts and a different legal theory.   Plaintiffs, in response, asserts that while India is the proper jurisdiction for the criminal fraud they allege was perpetrated against them by Defendant – via his alleged illegal use of the funds he received from Plaintiffs by failing to invest and then quickly sell real estate for a shared profit – India is not an adequate jurisdiction for the related (but separate) breach of loan contract claim raised here.

Defendant further asserts that he is amenable to process in India because he "is addressing the Indian Complaint filed by Plaintiffs in India and he, himself, filed suit in India against [a third-party] to recover his lost monies." Plaintiffs note, however, that while Defendant has been charged with a fraud-based crime in India, based upon their complaint, Defendant has indicated that he does not want to travel to India to defend the charge because he is afraid that he will not be able to post bail. Plaintiffs further provide evidence – in the form of emails from Defendant to the prosecutors in India – that seems to indicate that he rejects the jurisdiction of India (as opposed to the United States) and explains why he has disobeyed a summons to appear there.

Based on this record, I conclude that Defendant has failed to meet his burden to prove that India is an alternative forum to Plaintiffs' breach of contract claim that is both available and adequate. *See Gschwind v. Cessna, supra,* 161 F.3d at 607-08. It appears that Defendant has not agreed to be subject to any suit (either criminal or civil) in India. Defendant has not provided me with any argument or evidence that a court in India would have or would accept jurisdiction of this matter, or that the law in India would govern. *Id.* Moreover, I note that an individual forum resident – such as Defendant, a resident of Colorado – "should have to make a stronger case than others for dismissal based on *forum non conveniens*." *Id.* at 609 (*citing Reid-Walen v. Hansen*, 933 F.2d 1390, 1395 (8th Cir. 1991)). As such, I decline to grant Defendant's request for dismissal of this case, pursuant to Fed. R. Civ. P. 12(b)(3), on the basis that venue is improper under the doctrine of *forum non conveniens*.

ACCORDINGLY, for the reasons stated above, I DENY Defendant's Motion to Dismiss and Memorandum of Law in Support Thereof Pursuant to Fed. R. Civ. P. 12(b)(1), or Alternatively Pursuant to Fed. R. Civ. P. 12(b)(3) [**Doc #8**].

Dated:  November   1  , 2013,  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge