IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00360–LTB–KMT

VENKATA CHEMITI, and
NEERAJA DASARI,

    Plaintiffs,

v.

NEHRU KAJA,

    Defendant.

## ORDER

    This matter is before the court on Defendant's "Motion for Partial Summary Judgment." (Doc. No. 26, filed Nov. 15, 2013.) The court also considers herein "Plaintiffs' Rule 56(f) Motion in Response to Defendant's Motion for Partial Summary Judgment." (Doc. No. 36, filed Dec. 30, 2013.) For the following reasons, Defendants' Motion for Summary Judgment is DENIED without prejudice and Plaintiffs' Rule 56(f) Motion is DENIED as moot.

    Defendant's Motion fails to comply with the local rule governing summary judgment motions. More specifically, Defendant has failed to include a separate "statement of undisputed facts" in his motion. D.C.COLO.LCivR 56.1. Instead, Plaintiff has mingled a narrative-style recitation of facts in with his legal argument.

    In addition, at several points in his Motion, Defendant fails to cite to the record to support assertions of fact. *See* Fed. R. Civ. P. 56(c)(1) (providing that a party asserting that a fact cannot

be disputed must cite to particular parts of materials in the record to support that assertion). For example, this lengthy sentence attempts to establish at least seven facts without any citation to the record:

> Plaintiffs did not mention this $100,000.00 payment in Plaintiffs' Texas Lawsuit in December 2010, or in their affidavit filed in the Texas Lawsuit in March 2011, or in their Amended Texas Complaint in the Texas Lawsuit in April 2011, or in their request for default judgment against Mr. Rajagopal in the Texas Lawsuit in March 2011 or in their Motion for New Trial in the Texas Lawsuit in April 2011 or in their Indian Complaint filed on October 5, 2012 or in their original Complaint filed in this case at bar on February 11, 2013.

(Mot. at 11.)

Defendant's Motion capably demonstrates that the requirements of Federal Rule 56 and Local Rule 56.1 are more than mere procedural formalities. The organization Defendant's Motion renders it exceedingly difficult, if not impossible, to distinguish whether a particular assertion is intended to be a fact or argument. (*See also, e.g.,* Mot. at 11-12 (describing several assertions as the "true facts" without any citation to the record.) This not only undermines Plaintiff's ability to respond to the motion, it also prevents the court from discharging its task of determining whether or not there are genuine disputes of material fact. *See* Fed. R. Civ. P. 56(a).

Therefore, for the foregoing reasons, it is

ORDERED that Defendant's "Motion for Partial Summary Judgment" (Doc. No. 26) is DENIED without prejudice with leave to refile a renewed motion that fully complies with both Fed. R. Civ. P. 56 and D.C.COLO.LCivR 56.1. It is further

ORDERED that "Plaintiffs' Rule 56(f) Motion in Response to Defendant's Motion for

Partial Summary Judgment" (Doc. No. 36) is DENIED as moot.

Dated this 24th day of January, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge