IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   13-cv-00360-LTB-KMT

VENKATA CHEMITI, and
NEERAJA DASARI,

             Plaintiffs,

v.

NEHRU KAJA,

             Defendant.
_____

ORDER
_____

This matter is before me on a Motion for Partial Summary Judgment filed by Defendant,

Nehru Kaja, in which he seeks dismissal of the first claim for relief for breach of contract (for

failure to pay on an alleged oral loan agreement) filed against him by Plaintiffs, Venkata Chemiti

and Neeraja Dasari. [**Doc #59**]  Oral arguments would not materially assist me in my

determination.  After consideration of the parties' arguments, and for the reason stated, I

GRANT Defendant's motion and DISMISS Plaintiffs' claim for breach of contract.

## I.  Background

Plaintiffs allege that in December of 2006 a mutual friend, Raghavan Rajagopal, acted to

arrange a real estate loan in which Plaintiffs (a husband and wife) loaned Defendant money to

buy investment property located in India. The complaint alleges that Defendant was to buy the

real property, resell it quickly, and then repay Plaintiffs.  The loan agreement, which Plaintiffs

concede was not reduced to writing, was initially for four and a half million rupees (or $112,500)

and required Defendant to repay this principal amount, plus 15% interest per annum, within 30

days of December 17, 2006.  This agreement was amended, however, when Defendant "needed additional money."  Plaintiffs subsequently agreed to loan Defendant an additional six and a half million rupees (or $162,500) in February of 2007.  At that time, the parties agreed that Defendant would repay the entire principal amount, plus 15% per annum interest, by the end of March 2007.

[Doc #21]

Plaintiffs allege that the funds were disbursed via thirteen checks – written by Plaintiff Dasari and drawn on her bank account in India – to Defendant "or his agents" over a period of time from December 17, 2006 through February 12, 2007. [Doc #21]  Plaintiffs contend that they followed Defendant's instructions in making checks out to his agents, but it was always the parties' understanding that the loan was made to Defendant and he was responsible for repayment." [Docs #21 & #67-1]   Defendant failed to repay the loan.  Plaintiffs aver that in 2009, after they "threatened to sue" Mr. Rajagopal (the middleman that arranged the loan) he, in turn, paid Plaintiffs $100,000 as partial repayment.  [Doc #21]

Plaintiffs filed their complaint against Defendant in this court, on February 10,  2013, for "Breach of Contract for Failure to Repay Loan with Interest" in which they sought between $423,661 and $575,749, at 15% interest per annum, for repayment of the loan. [Doc #1]  In their amended complaint, accepted by this Court as filed in October of 2013,Plaintiffs added a second claim against Defendant for "Abuse of Process," in which they seek compensatory and punitive damages pursuant to Colo. Rev. Stat §18-8-708(2). [Doc #21]

In this motion, Defendant contends that Plaintiffs' breach of contract claim is barred because it is untimely under any applicable statute of limitations and, as such, he seeks entry of

summary judgment in his favor on this claim. [Doc #59]

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." Fed.R.Civ.P. 56(c). A statute of limitation defense is an affirmative defense. *See* Fed.R.Civ.P. 8(c). Where a defendant seeks summary judgment on the basis of an affirmative defense, "[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted. If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997)(citations omitted).

## III. Analysis

Defendant argues that Plaintiffs' claim for breach of contract is barred as untimely. In so doing, Defendant notes that Plaintiff's allege in their complaint that their breach of contract claim "accrued in March 2007 when Defendant failed to repay the loan with interest" [Doc #21] and that this case was filed in February of 2013, just short of six years later. As a result, Defendant maintains that the claim is barred by the statute of limitations provided by the laws of India (three years) and/or of Texas (four years). He also argues that it is barred by the applicable Colorado statute of limitations; specifically, Colorado Revised Statute §13-80-101(1)(a), which states that "[a]ll contract actions . . . regardless of the theory upon which suit is brought, or

against whom suit is brought, shall be commenced within three years . . . ".

Plaintiffs, in response, do not dispute that they brought this action five years and eleven months after Defendant breached their oral agreement in March of 2007, and that their breach of contract claim would be barred by the applicable statute of limitations provided by both Texas and Indian law.  They argue, however, that Colorado law applies and that the applicable statute of limitations is set forth in Colorado Revised Statute §13-80-103.5(1)(a), which provides a six year statute of limitations for "[a]ll actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action . . .".  Therefore, Plaintiffs maintain that their breach of contract claim is timely filed.

## A.  Applicable Law:

A federal court sitting in diversity jurisdiction, as is the case here, must apply the choice of law principles of the forum state.  *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).  Thus, a federal court in a diversity case must apply the same statutes of limitations that a state court of the forum state would apply to the case. *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 89 l.Ed. 2079 (1945); *see also Smith v. Kent Oil Co.*, 128 Colo. 80, 261 P.2d 149, 150–51 (1953)("[a]s a general rule, the law of the forum governs the selection of statutes of limitation").  In order to ascertain the applicable statute of limitations, I follow Colorado law (as the forum state) which resolves conflicts of law under the principles set forth in Restatement (Second) Conflict of Laws §6 and §188 (1971)(the "Restatement").  *Dresser Industries, Inc. v. Sandvick,* 732 F.2d 783, 786 (10th Cir. 1984)(*citing Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 198 Colo. 444, 601 P.2d 1369 (1979)).  Absent an effective choice of law by the parties, the Restatement's approach is to

4

locate the jurisdiction having the "most significant relationship" to the particular issue. *TPLC, Inc. v. United Nat'l Ins. Co.*, 44 F.3d 1484, 1490 (10th Cir. 1995); *In re Kaiser Steel Corp.* 87 B.R. 154, 159 (Bkrtcy. D.Colo. 1988)(noting that the choice of law approach followed by Colorado is that of the "most significant relationship" test set forth in the Restatement).

Section 188 of the Restatement (entitled "Law Governing in Absence of Effective Choice by the Parties") directs that when the parties to a contract have failed to make an effective choice of law, "[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction." The relevant factors in determining what states have an interest in the transaction, provided by Restatement §188(2) are:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

The determination of the most significant relationship to a contract action also must take into account Restatement §6(2), which sets forth the following relevant choice of law principles:

(a) the needs of the interstate and international systems;

(b) the relevant policies of the forum;

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;

(d) the protection of justified expectations;

(e) the basic policies underlying the particular field of law;

(f) certainty, predictability and uniformity of result; and

(g) ease in the determination and application of the law to be applied.

Plaintiffs assert their mutual friend Mr. Rajagopal, who resided in California at the time, arranged the loan at issue between Plaintiffs, who reside in Texas, and Defendant, who resides in Colorado. [Doc #21]  It is Plaintiffs' contention that the parties negotiated an oral loan agreement during an initial telephone conversation on December 17, 2006, while Plaintiffs were home in Texas. [Docs #59-2 & #67-2 pg 14]  Defendant asserts that the loan agreement made during this conversation, while he was in India, was actually between Plaintiffs and a third-party named Sivarama Krishna. [Doc #59-1]  After this conversation, Plaintiffs wrote checks from their account with a bank located in India, in India rupees, to various individuals, including Defendant, and sent them to India. [Doc #67-1]  Defendant contends that he cashed the checks made out to him while in India, and he gave the cash to Mr. Krishna. [Doc #59-1]

The alleged loan agreement was amended (for additional money and a later repayment date) in a second telephone conversation in early February of 2007, during which the Plaintiffs were again at home in Texas.  Defendant admits that he had returned from India by this time and was at home in Colorado during this conversation.  The additional proceeds were again drawn on checks sent to India from Plaintiffs' Indian bank account. [Doc #67-1]

The parties agree that the purpose of the loan was to purchase real estate in India, then quickly resell it for a profit. [Doc #59-1]  Defendant asserts that the proceeds from the sale, if disbursed, would have been deposited into Plaintiffs' Indian bank accounts, and Plaintiff Chemeti testified that repayment could have been either in dollars or in rupees. [Doc #59-2]

The place of contracting, under these circumstances, would have been where the parties were during the first telephone conversation in December of 2006 – either Texas or India – as both parties agree that is when the oral contract for a loan was made.  *See* Restatement §188 –

6

comment on subsection (2)("the place of contracting is the place where occurred the last act necessary . . . to give the contract binding effect"). Although a re-negotiation of the original contract terms was accomplished in a second telephone conversation – when Plaintiffs were in Texas and Defendant had returned home to Colorado – in February of 2007, it is undisputed that the contract was initially formed during the parties' first telephone conversation.

Under the fact here, the places of negotiation would have been the same, as it is uncontested that the oral agreement was made during the December 2006 telephone conversation, and then re-negotiated during the second conversation in February of 2007. In addition, I note that the place of negotiation "is of less importance when there is no one single place of negotiation and agreement, as, for example, when the parties do not meet but rather conduct their negotiations from separate states by mail or telephone." *See* Restatement §188 – comment on subsection (2).

It is clear that the place of performance of the contract was primarily in India. The agreement, as alleged, was for a loan of money from Plaintiff's bank account in India (and was disbursed on Indian checks, sent to India and cashed in India) for the purchase and sale of land located in India. Repayment of the loan with interest would have been via deposit into Plaintiffs' bank account in India, as argued by Defendant, or, alternatively, would have been sent to them in Texas. Thus, I agree with Defendant that the place of performance of the alleged contract was India or, perhaps, Texas, but certainly not Colorado as claimed by Plaintiffs. *See* Restatement §196 (providing, in part, that "[t]he validity of a contract for the rendition of services and the rights created thereby are determined . . . by the local law of the state where the contract requires that the services, or a major portion of the services, be rendered"); *Farmington*

*Cas. Co. v. United Educators Ins. Risk Retention Group, Inc.* 36 Fed.Appx. 408, 413 (10th Cir. 2002)(unpublished)(applying Colorado law when the contract was made and performed in Colorado).  I note that "[i]f the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied . . .".  Restatement §188(3).

Finally, and most importantly, it is undisputed that the situs of the subject matter of the contract was India where the land was purchased with the funds from the alleged loan agreement.  When a contract deals with a specific physical thing, such as land, "the location of the thing or of the risk is significant."  Restatement §188 – comment on subsection (2)("[i]ndeed, when the thing . . . is the principal subject of the contract, it can often be assumed that the parties, to the extent that they thought about the matter at all, would expect that the local law of the state where the thing . . . was located would be applied to determine many of the issues arising under the contract").

Based on these considerations, I conclude the appropriate choice of law jurisdiction in this case is India as it is the jurisdiction with the most significant connection to and interest in the alleged loan agreement.  In so doing, I reject Plaintiffs' unsupported, cursory claim that Defendant "is liable to repay this loan in Colorado, as a Colorado resident." [Doc #67, pg. 6]  Rather, the only connection this case has to Colorado is that Defendant resides in Colorado and he negotiated an amendment to the initial oral contract from his home.  This does not constitute sufficient contacts, under the Restatement's "most significant relationship" test, to establish that the choice of law of the alleged oral contract is with Colorado.  Rather, the most significant relationship test points to India or, at the very least, to Texas; but certainly not to Colorado.  *See Security Service Federal Credit Union v. First American Mortg. Funding, LLC* 861 F.Supp.2d

1256, 1268 (D.Colo. 2012)(ruling that although the funds at issue initially came from Colorado,
they were dispersed in escrow in California to fund purchases of real property located in
California and, thus, the services were rendered in California and its ties were most significant
under Restatement §188 and §196).

In addition, when considering the principles set forth in Restatement §6, I also conclude
that the law applicable to this contract case should be with India.  Applying those principles –
such as India's policies interests in determining the issue and its justified expectations in so
doing – makes it clear that India has strong interest in regulating the use of its funds disbursed
there, and to purchase (and sell) property located there.  That interest is clearly more relevant to
the loan agreement than Colorado's sole interest as the place of residence of the alleged
borrower.  *See generally Security Service v. First American Mortg., supra,* 861 F.Supp.2d at
1269 (concluding that California had much stronger interest than Colorado in applying
California laws to contracts governing escrow services on California properties).  In so ruling, I
note that Plaintiffs have filed a criminal complaint against Defendant  in India, which remains
pending, in which they aver that Defendant and others defrauded them of the loan proceeds at
issue in this case. [Docs #59-6 & #59-10]

As such, I reject Plaintiffs' argument that a Colorado statute of limitations applies to their
breach of contract claim.  Since Plaintiffs concede that this claim would be barred by the
applicable statute of limitations provided by Indian law (as well as Texas law) I conclude that the
Plaintiffs' first claim for breach of contract claim is untimely and must be dismissed with
prejudice.  *See generally Hamilton v. Cunningham,* 880 F.Supp. 1407, 1412-14 (D.Colo. 1995)
(concluding that a Colorado statutes of limitation was applicable to bar the plaintiff's common

law claims because Colorado had the most significant relationship to the transaction).


ACCORDINGLY,  I GRANT the Defendant's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 [**Doc #59**] and, as such, I DISMISS WITH PREJUDICE Plaintiffs' first claim for relief for breach of contract as untimely.


Dated: February   11  , 2015,  in Denver, Colorado.

BY THE COURT:


     s/Lewis T. Babcock
Lewis T. Babcock, Judge