IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   13-cv-00360-LTB-KMT

VENKATA CHEMITI, and
NEERAJA DASARI,

                Plaintiffs,

v.

NEHRU KAJA,

                Defendant.

_____

ORDER

_____

This matter is before me on a Motion To Dismiss And Memorandum of Law in Support
Thereof Pursuant to Fed. R. Civ. P. 12(b)(6) or, Alternatively, Pursuant to Fed. R. Civ. P. 12(c)
or, Alternatively, Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56
[**Doc # 99**] filed by Defendant, Nehru Kaja.   Plaintiffs, Venkata Chemiti and Neeraja Dasari,
oppose the motion and the relief requested.   Oral arguments would not materially assist me in my
determination.   After consideration of the parties' arguments, and for the reason stated, I
GRANT Defendant's motion and DISMISS Plaintiffs' case.

**I.  Background**

Plaintiffs allege that in December of 2006 a mutual friend acted to arrange a real estate
loan in which Plaintiffs (a husband and wife) loaned Defendant money to buy investment
property located in India. The complaint alleges that Defendant was to buy the real property,
resell it quickly, and then repay Plaintiffs.   Defendant failed to repay the loan.   [Doc #21]

Plaintiffs then filed their complaint against Defendant in this Court, on February 10, 2013, for "Breach of Contract for Failure to Repay Loan with Interest" in which they sought between $423,661 and $575,749, at 15% interest per annum. [Doc #1]  On October 16, 2013, I permitted Plaintiffs to file an Amended Complaint in which they alleged an additional claim for relief for "Abuse of Process" seeking compensatory and punitive damages. [Docs #20 & #21]

Thereafter, on February 11, 2015, I granted Defendant's Motion for Partial Summary Judgment and, as such, I dismissed Plaintiffs' breach of contract claim as untimely under any applicable statute of limitations. [Doc #75]  Thus, Plaintiffs' sole remaining claim against Defendant is for Abuse of Process.  Defendant now seeks dismissal and/or judgment in his favor on this claim.

## II. Substantive Law

It is undisputed that Colorado law is applicable to Plaintiffs' Abuse of Process claim. The elements of a Abuse of Process claim in Colorado are:  (1) an ulterior purpose in the use of judicial proceedings; (2) wilful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages.  *Hewitt v. Rice,* 154 P.3d 408, 414 (Colo. 2007) (*citing Trask v. Nozisko,* 134 P.3d 544, 553 (Colo. App. 2006)); *see also* CJI–Civ. 17:10 (2010). Plaintiffs are not required to prove either favorable termination or malice.  *Hewitt v. Rice, supra,* 154 P.3d at 414 (citations omitted).

The parties appear to assert that this case is subject to a "heightened standard" of proof, as set forth in *Protect Our Mtn. Env't, Inc. v. District Court*, 677 P.2d 1361, 1369 (Colo. 1984) ("POME"), which applies when a claim for abuse of process is based on the use of a process that constitutes the exercise by the defendant of a First Amendment right to petition the government

for redress of grievances, including when the abuse challenged involves the filing of a lawsuit. In such cases, a plaintiff must also show that: "(1) the defendant's administrative or judicial claims were devoid of reasonable factual support or lacked any cognizable basis in law; (2) the primary purpose of the defendant's petitioning activity was to harass the plaintiff or to effectuate some other improper objective; and (3) the defendant's petitioning activity had the capacity to affect adversely a legal interest of the plaintiff." *Id.* at 1369; *see also* CJI–Civ. 17:10 (2010)(Note on Use 5).   However, the heightened standard "does not apply where the alleged abuse of process involves a purely private as opposed to a public dispute." CJI–Civ. 17:10 (2010)(Note on Use 6); *see also General Steel Domestic Sales v. Bacheller*, 291 P.3d 1, 8 (Colo. 2012)(ruling that the heightened standard does not apply where the underlying alleged petitioning activity was the filing of an arbitration complaint in a purely private dispute); *Boyer v. Health Grades, Inc.,* ___ P.3d. ___,  2015 WL 3452505, 4 (Colo. June 1, 2015)(not released for publication)(finding that the heightened standards articulated in POME "to be inapplicable to a resort to administrative or judicial process implicating purely private disputes").  This matter is a purely private dispute, involving no public concern and, as such, the heightened standard in POME – contrary to argument by the parties – does not apply.

### III. Underlying Facts

As set forth in Plaintiffs' Amended Complaint, in December 2006 Plaintiffs agreed to provide Defendant with money in the form of a short term loan.  The loan, which ultimately became due by the end of March 2007, was not repaid.  The relationship between Plaintiffs and Defendant became contentious in late 2011 and early 2012.  On April 3, 2012,  Defendant obtained civil restraining orders against Plaintiffs in Boulder County Case No. 12C57 and Case

No. 12C58.  The restraining orders prohibit Plaintiffs from having contact of any kind with

Defendant except for "litigation/mediations between parties." [Docs #102-1 & #1-2-2]

On May 10, 2012, Plaintiff Chemiti filed a police report in India, and criminal charges

were filed against Defendant.  On February 10,  2013, Plaintiffs filed this case against Defendant

seeking damages for breach of contract.  Thereafter, on March 29, 2013, Defendant filed

Verified Motion for Contempt Citations in Boulder County Case No. 12C57 and Case No.

12C58 (the "Verified Motions"), asserting that Plaintiffs had violated the restraining orders by

threatening him and/or his family and making inconsistent allegations against him in various

legal forums. [Doc #14-2]  After taking evidence, the Boulder Court ultimately dismissed the

Verified Motions in December of 2013.

In their complaint here, Plaintiffs allege that Defendant filed the Verified Motions "for an

ulterior purpose to attempt to coerce and intimidate [them] so that they will dismiss the case at

bar and stop cooperating with the prosecutors in India." [Doc #21, ¶25]  More specifically, they

aver that Defendant does not want to pay them money owed, he does not want to defend this

action and is afraid of a judgment against him, and he "want[s] to intimidate [Plaintiffs] into

thinking they can go to jail for six months, and be found in Contempt of the Boulder County

Court, for even filing the lawsuit in the case at bar." [Doc #21, ¶25]  Plaintiffs contend that

Defendant's "primary purpose" for filing the Verified Motions was to intimidate Plaintiffs from

attempting to utilize judicial process to collect the debt owed them and to intimidate Plaintiff

Chemiti from pursuing the criminal proceeding in India. [Doc #21 ¶31]  In addition, Plaintiffs

contend that the filing of the Verified Motions constitute "wilful actions that are not proper."

[Doc # 21, ¶26]  Finally, they contend that the claims raised in the Verified Motions are either

4

devoid of reasonable factual support or lack any cognizable basis in law. [Doc #21, ¶30]

## IV. Failure to State a Claim

In this motion, Defendant first asserts that Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Specifically, Defendant argues that Plaintiffs' complaint fails to allege that he committed wilful actions in the use of process that are not proper in the regular conduct of a proceeding.

In deciding whether a complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6), a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(*quoting Bell Atlantic v. Twombly*, supra, 550 U.S. at 556).  A complaint must set forth sufficient facts to elevate a claim above the level of mere speculation. *Id.*  To withstand a motion to dismiss, the court must "accept as true all well-pleaded factual allegations . . .  and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).  However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Generally, a court considers only the contents of the complaint when ruling on a Rule 12(b)(6) motion.  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir.2010).

An essential element of an abuse of process claim is the use of a legal proceeding in an improper manner; therefore, an improper use of the process must be established.  *Colorado*

*Community Bank v. Hoffman,* 338 P.3d 390, 397 (Colo. App. 2013).   "If the action is confined to

its regular and legitimate function in relation to the cause of action stated in the complaint there

is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly

brought suit upon an unfounded claim." *Id.* (*citing Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo.

App. 2011)(*quoting James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367,

373 (Colo. App. 1994)); *see also Peiker acustic, Inc. v. Patrick Kennedy*, 2010 WL 4977870

(D.Colo. 2010)(unpublished).   There is no liability for abuse of process if the defendant's

ulterior purpose was simply incidental to the proceeding's proper purpose.   *Mintz v. Accident &*

*Injury Med. Specialists, PC*, 284 P.3d 62, 66 (Colo. App. 2010), *aff'd*, 279 P.3d 658 (Colo.

2012).

      "Moreover, although an ulterior motive may be inferred from the wrongful use of

process, the wrongful use may not be inferred from the motive."   *Colorado Community Bank v.*

*Hoffman, supra,* 338 P.3d at 397 (*citing Institute for Professional Dev. v. Regis College*, 536

F.Supp. 632, 635 (D. Colo. 1982); *Mintz v. Accident & Injury, supra,* 284 P.3d at 67).   Although

the litigant's motive may be important in determining whether there was an ulterior purpose, it

still must be established that, viewed objectively, there was an improper use of the process.

*Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009).

      In this case, Plaintiffs' complaint fails to allege an improper use of the process by

Defendant.   While they aver an improper ulterior motive, Plaintiffs' Amended Complaint does

not allege any wilful actions by Defendant in the use of process that are not proper in the regular

conduct of the proceeding. Rather, the Amended Complaint only alleges – without anything

more – that the act of filing the Verified Motions constituted wilful actions "that are not proper."

[Doc #21 ¶26]  Plaintiffs failed to plead that Defendants' alleged wilful actions were not confined to the proceeding's regular and legitimate function in relation to the cause of action. *See James H. Moore v. Arrowhead at Vail, supra*, 892 P.2d at 373.  As such, Plaintiffs' complaint fails to state a claim for relief against Defendant for Abuse of Process and, as such, the claim must be dismissed under Fed. R. Civ. P. 12(b)(6).

## V.  Summary Judgment

In addition, I likewise conclude that Defendant is entitled to summary judgment on Plaintiffs' claim for Abuse of Process under Fed. R. Civ. P. 56.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Defendant argues, and I agree, that Plaintiffs cannot prove the first element of an abuse of process claim in that the evidence they rely upon to show "an ulterior purpose in the use of judicial proceedings" is insufficient, as a matter of law, to raise a material issue of genuine fact. Specifically, Plaintiffs contend, in their response to this motion, that when Plaintiff Chemiti was in India pursuing criminal charges against Defendant in the Summer and Fall of 2012, that "two agents" of Defendant threatened Plaintiff Chemiti "that if he continued to try and collect the loans from [Defendant,] that [Defendant] would misuse the process of the Boulder County Court to try to obtain contempt citations against [Plaintiff] Chemiti and his wife in order to have them jailed so that they could not pursue a lawsuit" against him. [Doc #102 pg. 4]  In support of this contention, Plaintiff Chemiti provided an affidavit that avers as follows:

> P. N. Rao, [Defendant's] Brother in law threatened me that [Defendant] and he
> would misuse the restraining order against me and my wife in order to have us
> arrested and jailed if we continued with my wife's appeal of the permanent
> restraining order or continued to try to get our money back that we loaned
> [Defendant]. This took place in front of the minister's house on the same day
> when we went to meet the minister along with my attorney for the mediation. The
> date was September 6, 2012. Rao said my wife would be in more trouble and she
> will loose her license to practice medicine if she were sent to jail.
>
> This was the second time we received this type of threat from someone acting on
> behalf of [Defendant]. During the first week of July 2012, Bikaner Srinivas, the
> Broker who is a family friend of [Defendant] called me on the telephone and
> advised me to forget about the money I loaned to [Defendant] and assume that I
> gave money to charity. He also said US courts can not understand Indian
> transactions and they can not do justice to me. He also said even though
> [Defendant] made millions using my money in Indian, the US courts do not have
> any jurisdiction as the land is in India. He also said he can corrupt any Police
> officer and Judge in India. By way of illustration, he used the name of a big police
> officer by the name of Durga Prasad, one of [Defendant's] relatives in India. He
> was speaking to me in Usa, not English, and then he told me that if I continued to
> try to get [Defendant] to repay the money, that [Defendant] would use the
> restraining order against me and my wife in order to get us cited for contempt and
> jailed. He mentioned that [Defendant's] nephew, Srinivas, would lie about the
> contents of the telephone conversations he had with my wife and I in order to get
> the US Court to hold us in contempt. [Doc #102-5]

As noted by Defendant, this is the first time such factual allegations have been alleged by

Plaintiffs.  Plaintiffs have not previously asserted that Defendant's agents in India threatened that

he would falsely claim violations of the restraining order if Plaintiffs did not stop pursuing their

legal remedies against Defendant for his alleged failure to repay on a loan.  Such evidence was

not set forth in Plaintiffs' Verified Motions, nor apparently raised or claimed in the hearings on

those motions.  It was not alleged in the Amended Complaint in support of the Abuse of Process

claim raised here.  Most importantly, it is clearly contradicted by Plaintiff Chemiti's deposition

testimony in which he consistently indicates that he is not aware why Defendant filed the

Verified Motions.

Based on the record before me, this unsupported allegation – made for the first time in Plaintiff Chemiti's declaration and which admissibility is suspect at best –  constitutes insufficient evidence to raise an issue of material fact to show an ulterior purpose in the use of judicial proceedings. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995)(indicating that in order to "survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient")(*quoting Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)).

Furthermore, Defendant is entitled to summary judgment on the basis that Plaintiffs cannot prove the second element of an abuse of process claim of wilful actions by Defendant "in the use of process that are not proper in the regular conduct of a proceeding."

As discussed above, Plaintiffs' complaint fails to allege an improper use of the process (as opposed to an ulterior motive) by Defendant in his filing and pursuing the Verified Motions. Plaintiffs now argue that Defendant did not assert, in his Verified Motions, that Plaintiffs violated the protection orders and, instead, made false statements therein that were either "nonsensical or based on perjured testimony."  [Doc #102 pg. 4]  Specifically, Plaintiffs assert that Defendant made outrageous allegations, which he was subsequenlty unable to prove, and provided testimony from a witness which the court deemed was not credible.  Plaintiffs claim that Defendnat's untrue allegations and use of improper evidence constitutes a "classic abuse of process."   However, as discussed above, the law is that the "the filing of a justified lawsuit cannot constitute the act necessary to sustain an abuse of process claim, even if the suit was filed for an ulterior purpose" as there must be "some improper act to conclude that one used the legal

proceeding in an improper manner." *Inst. for Prof'l Dev. v. Regis, supra,* 536 F.Supp. at 635.

Even if we assume that Defendant's motive in filing the Verified Motions was not proper, the

fact that he made untrue factual allegations is not a wilful act of a use of process that is not

proper in the regular conduct of a proceeding. *Id.* (ruling that "[t]he essence of the second

element of the abuse of process cause of action is the use of a legal proceeding in an improper

manner")(citations omitted); *see also James H. Moore v. Arrowhead at Vail, supra*, 892 P.2d at

373.

Therefore, because Plaintiffs' evidence is insufficient to raise an issue of material fact

sufficient to show an ulterior purpose in the use of judicial proceedings (first element) and they

have failed to allege or provide facts in support of a wilful action of the use of process that is not

proper in the regular conduct of a proceeding (second element), Defendant is entitled to

summary judgment on Plaintiffs' remaining abuse of process claim.

## VI.  Judgment on the Pleadings

To the extent that Defendant seeks a judgment on the pleadings under Fed. R. Civ. P.

12(c), such disposition is designed to provide a means of disposing of cases when the material

facts are not in dispute and a judgment on the case can be achieved by focusing on the content of

the pleadings. *See SKS Investments Ltd., Corp. v. Gilman Metals Co.,* 2013 WL 249099 (D.Colo.

2013)(unpublished); *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000)

(ruling that a Rule 12(c) motion is generally treated in the same manner as a motion to dismiss

under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted).

Because I have determined that Plaintiffs have both failed to state a claim under Rule 12(b)(6),

and that no disputed issue of material fact precludes entry of summary judgment under Rule 56, I

do not reach Defendant's request for judgment on the pleadings pursuant to Rule 12(c).

## VII.  Attorney Fees

Finally, I reject Defendant's unsupported request  – set forth in the last paragraph of his motion – that I "award Defendant his costs and attorney fees against Plaintiffs and against Plaintiffs' counsel pursuant to Colo. Rev. Stat. § 13-17-101 *et seq.* and Fed. R. Civ. P. 11." [Doc #99 pg. 45]


ACCORDINGLY, for the foregoing reasons, I GRANT Defendant's Motion To Dismiss And Memorandum of Law in Support Thereof Pursuant to Fed. R. Civ. P. 12(b)(6) or, Alternatively, Pursuant to Fed. R. Civ. P.  12(c) or, Alternatively, Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56. [**Doc # 99**]   As a result, Plaintiffs' remaining Abuse of Process claim is DISMISSED and SUMMARY JUDGMENT IS ENTERED in favor of Defendant.  To the extent that Defendant improperly seeks additional relief in the form of attorney fees under Colo. Rev. Stat. §§13-17-101 *et seq.* and actions under Fed. R. Civ. P. 11, however, I reject such request. This case is DISMISSED, with COSTS AWARDED to Defendant.


Dated: August   _21_ , 2015,  in Denver, Colorado.

BY THE COURT:


___ s/Lewis T. Babcock_____
Lewis T. Babcock, Judge